UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TRACY B. HARRIS,

                      Petitioner,
    v.                                                       9:25-CV-1563
                                                                      (AMN)
ONEIDA COUNTY SHERIFF,

                      Respondent.
_____

APPEARANCES:                                             OF COUNSEL:

TRACY B. HARRIS
Petitioner, pro se
8884
Oneida County Correctional Facility
6075 Judd Road
Oriskany, New York 13424

ANNE M. NARDACCI
United States District Judge

**DECISION and ORDER**

**I.      INTRODUCTION**

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2241. Dkt. No. 2, Amended Petition ("Am. Pet.").[1] Petitioner also remitted the statutory filing fee. See Dkt. Entry for Pet. dated 11/05/25 (identifying receipt information from the filing fee transaction).

---

[1] Petitioner's initial pleading sought federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition. State prisoners must bring challenges both to the execution of a sentence and to underlying convictions under section 2254, which governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *accord, Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). Conversely, 28 U.S.C. § 2241 provides that "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions" may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). "In rare circumstances, state prisoners who are pretrial detainees may challenge state detention pursuant to section 2241." *Blanchard v. New York*, No. 9:18-CV-0448 (GTS/CFH), 2018 WL 2324054, at *2 (N.D.N.Y. May 22, 2018) (citing cases).

1

For the reasons which follow, the petition is dismissed without prejudice.

## II.    THE PETITION

Petitioner is a pretrial detainee in Oneida County.  Am. Pet. at 1.  A search of the VINElink database indicates that petitioner was taken into custody on December 6, 2024.  *See* VINElink, https://www.vinelink.com/person-detail/offender/43626621;tabIndexToSelect=0 (last visited 12/01/25).[2]

On or about January 23, 2025, petitioner was named in an indictment with a codefendant.  Am. Pet. at 6.  Petitioner does not indicate the offense for which he was indicted.  On January 31, 2025, the "[i]ndictment . . . was only dismissed on [petitioner;]" however, petitioner claims he remains listed on the indictment even though he was allegedly dismissed from it.  *Id.*

Petitioner's case was re-submitted to a second grand jury.  Am. Pet. at 6.  It appears that petitioner was again indicted; however, as with the first indictment, Petitioner does not provide the details of the second indictment.

During the fall of this year, petitioner claims to have filed a pro se motion challenging his pretrial detention pursuant to New York Criminal Procedure Law §30.30(1)(a).  Am. Pet. at 2 (explaining that his 30.30 motion was filed on October 22, 2025; however, it was rejected on September 22, 2025); *see also* Am. Pet. at 5 (indicating that petitioner's 30.30 motion was filed on "October 22, 2025 – October 29, 2025 – March 5, 2025").  Petitioner states that his motion was rejected by the state court; however, the date of the attached letter from the trial

---

Here, petitioner is not yet in custody pursuant to the judgment of a state court.  Instead, he is awaiting his criminal trial and subject to pretrial detention.  Therefore, section 2241 is the more appropriate provision under which to consider the present pleading.

[2]  "VINE is the nation's leading victim notification network [which] allows [the general public] . . . to access timely and reliable information about offenders or criminal cases in U.S. jails and prisons."  VINE *available at* https://www.vinelink.com/.

2

court rejecting petitioner's pro se motion predates the range of dates which petitioner provides for when his 30.30 was filed.  *See* Am. Pet. at 2, 3, 5; *see also* Am. Pet. at 13 (correspondence from the Oneida County Court Judge, dated September 22, 2025, explaining that the trial court will not accept pro se motions from a represented criminal defendant).  Thus, it is unclear whether the rejection letter is, in fact, related to the 30.30 motion.  Regardless, it does not appear that this was the first time one of petitioner's pro se motions had been denied by the trial judge since petitioner also attaches another letter from the trial court, dated March 31, 2025, which also returns a rejected pro se motion.  *See* Am. Pet. at 10 (correspondence from the Oneida County Court Judge explaining that the court will not accept pro se motions from a represented criminal defendant).  Neither of the trial court's letters identifies the type of pro se motion that was filed or the kind of relief the motion sought.  It is also unclear whether any of these motions were subsequently re-filed by petitioner's criminal attorney.

Petitioner seeks federal habeas relief because (1) the "District Attorney continues to prosecute [petitioner] on a dismissed indictment," Am. Pet. at 6; (2) the prosecution and presiding state court judge "used tactical advantages to adjourn and delay [pretrial hearings] well over (103) days[,]" *id.*; and (3) the prosecution has "[f]ail[ed] to prosecute [petitioner] pursuant to 30.30(1)(a)[,]" *id.*  Petitioner seeks his immediate release, due to speedy trial violations, and dismissal of the second indictment "with no other resubmissions."  *Id.* at 7.

### III.   DISCUSSION

    A.    ***Younger* doctrine**

Petitioner seeks absolution from his pending criminal case in the Oneida County Court.  Specifically, petitioner asks this court to dismiss a pending state court indictment and release petitioner.  Am. Pet. at 7.

"Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal district court must abstain from adjudicating claims seeking to dismiss or enjoin pending state criminal proceedings." *Griffin v. Warden of Otis Bantum Corr. Ctr.*, No. 1:20-CV-1707, 2020 WL 1158070, at *2 (S.D.N.Y. Mar. 10, 2020).  Specifically, the court considers whether "three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002).

Here, petitioner acknowledges that there is an ongoing state court proceeding.  Second, the Second Circuit has stated that "[t]here is no question that [an] ongoing prosecution implicates important state interests[.]"  *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988).  Finally, petitioner has not argued, and there is no reason to conclude, that the state court proceedings available to petitioner fail to provide him with an adequate opportunity for judicial review.  Accordingly, with respect to claims that involve his pending state criminal proceedings, like the lawfulness or sufficiency of the charging documents, this Court must abstain.[3]

In sum, petitioner cannot use a federal habeas action to attempt to circumvent the state criminal trial process.  *See Blanchard v. New York*, No. 9:18-CV-0448 (GTS/CFH), 2018

---

[3] The Second Circuit has noted that under certain "unusual circumstance[s]" exceptions to the *Younger* doctrine may apply.  *See Diamond "D" Constr. Corp.*, 282 F.3d at 198.  However, petitioner fails to argue, and the undersigned cannot identify, any such exceptions here.

WL 2324054, at *5 (N.D.N.Y. May 22, 2018) (citing cases).  "If [petitioner] wishes to litigate the claims raised in this [petition] or raise objections to the ongoing criminal proceedings, he should file the appropriate motion in the criminal action."  *Thomas v. Ramos*, No. 1:20-CV-3422, 2020 WL 2192716, at *2 (S.D.N.Y. May 5, 2020).  Furthermore, "if [petitioner] is not satisfied with the result, he may raise the issue on direct appeal," or in a proper habeas petition thereafter.  *Id.*[4]

### B. Exhaustion

Even if petitioner's claims are not barred by the *Younger* abstention doctrine, they are premature.  Regardless of whether petitioner makes these challenges right now, as a pretrial detainee, or later, in the event he becomes a convicted state inmate, he would still have to exhaust his challenges in state court.  *See Blanchard*, 2018 WL 2324054, at *2-*3 (concluding that failure to exhaust under either § 2254 or § 2241 renders the petition premature); *Harrison v. Wolcott*, No. 6:20-CV-6270, 2020 WL 3000389, at *2 (W.D.N.Y. June 4, 2020) (explaining the differences between exhaustion of a § 2254 petition and a § 2241 petition and concluding that exhaustion is required in both instances).

"[T]o fully exhaust his claims, petitioner 'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'"  *Blanchard*, 2018 WL 2324054, at *5 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Here, petitioner seems to be sporadically engaging in state court challenges.  However, it is unclear what the procedural posture of those challenges are.  While there have

---

[4] While the *Ramos* case involved a petitioner seeking the federal court's involvement, via a federal habeas corpus petition, in a pending federal criminal matter, the undersigned can think of no reason why the same logic would not apply when the petitioner is seeking a federal court's involvement, via a habeas petition, in a pending state criminal matter.

been attempts to commence various state court actions, it is unclear whether they have ultimately been properly initiated. Further, it appears none have been appealed to the highest level available. While both petitioner and his counsel have engaged in at least some pretrial motion practice, the undersigned is mindful that "a petitioner may not attempt to litigate constitutional defenses prematurely in federal court." *Blanchard*, 2018 WL 2324054, at *5 (citing cases).

In sum, petitioner does not allege that he has fully exhausted his available state court remedies before filing the instant petition. Accordingly, to the extent the petition could be liberally construed to include additional claims outside of a direct challenge to the pending state court criminal charges, the petition is dismissed without prejudice as premature and unexhausted. Petitioner may re-file any claims, not related to dismissal of his pending state prosecution, once petitioner's claims have been fully exhausted and the state court proceedings have concluded.

## IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 10, 2025
       Albany, NY

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge